Filing # 70805768 E-Filed 04/17/2018 10:45:25 AM

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

LARRY J. RUTAN,
an individual,

    Plaintiff,

v.

    Case No.:

TD BANK, NA
a national association,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, LARRY J. RUTAN (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, TD BANK, NATIONAL ASSOCIATION, (hereinafter, "TD BANK" or "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), wherein Defendant unlawfully attempt to collect an illegitimate consumer debt from Plaintiff via harassing and unlawful means, including unlawful auto-dialed telephone calls.

2. Additionally, this is an action for TD BANK'S unlawful calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite TD BANK lacking Plaintiff's consent to make such calls to his cellular telephone.

1

## JURISDICTION, PARTIES, AND VENUE

3. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

4. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 and 47 United States Code, Section 227(b)(3).

5. At all material times herein, the conduct of Defendants, complained of below, occurs in Pasco County, Florida.

6. At all material times herein, Plaintiff is an individual residing in Pasco County, Florida.

7. At all material times herein, TD BANK is a chartered national association bank with a principal address located at Two Portland Square, Portland, ME 04115.

## FCCPA STATUTORY STRUCTURE

8. The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. Fla. Stat. §§ 559.55 and 559.77(5).

9. The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

10. Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium.*" Fla. Stat. § 559.55(2) (emphasis added).

11. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from communicating directly with a consumer when such person knows the consumer is represented by legal counsel with respect to such debt. *See* Fla. Stat. § 559.72(7) and 559.72(18).

## TCPA STATUTORY STRUCTURE

12. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

13. Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

14. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

15. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. Id at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

16. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

17. At all material times herein, TD BANK is a "creditor" as defined by Florida Statutes, Section 559.55(5).

18. At all material times herein, Defendant attempt to collect a consumer debt, including but not limited to, an illegitimate balance allegedly owed to TD BANK related to account number ending 3336 (hereinafter, the "Debt").

19. At all material times herein, the Debt is consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

20. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

21. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

22. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23. All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## FACTUAL ALLEGATIONS

24. Plaintiff took out a home equity line of credit with TD Bank with a balloon note

(i.e., the Debt) that was scheduled to mature on December 13, 2017.

25.     On or about October 23, 2017, TD Bank sent Plaintiff his next-to-last billing statement which showed an unpaid principal balance/credit line used of $27,188.15. Please see attached a true and correct copy of said statement labeled as **Exhibit A**.

26.     On or about November 22, 2017, TD Bank sent Plaintiff his last billing statement before the maturity date which again showed the same unpaid principal balance/credit line used as $27,188.15; however, the November 22, 2017 statement also included an illegitimate "Other and Late Charges" totaling $2,649.31. Please see attached a true and correct copy of said statement labeled as **Exhibit B**.

27.     On or about December 20, 2017, TD Bank sent Plaintiff a billing statement after the maturity date which showed the same unpaid principal balance/credit line used as $27,188.15 (i.e., Plaintiff's ending statement balance); however, the December 20, 2017 statement also included the above-referenced illegitimate "Other and Late Charges." Please see attached a true and correct copy of said statement labeled as **Exhibit C**.

28.     On or about January 3, 2018, Plaintiff paid TD Bank $27,300, an amount in excess of the unpaid principal balance/credit line used as of the maturity date. Plaintiff specifically did not make payment for the alleged and illegitimate "other charges" totaling over $2,500 added to the Debt in the very last month before the maturity date.

29.     On or about January 20, 2018, TD Bank sent Plaintiff a past-due billing statement requesting payment of $2,770.41. Please see attached a true and correct copy of said statement labeled as **Exhibit D**.

30.     On or about January 24, 2018, TD Bank sent Plaintiff a past-due collection letter stating that Plaintiff was allegedly two months behind and threatened that Plaintiff's "**home is at**

**risk.**" (emphasis in original). Please see attached a true and correct copy of said collection letter labeled as **Exhibit E**.

31. Upon receiving the above-referenced past-due billing statement and collection letters, Plaintiff contacted TD Bank via phone and e-mail to inquire as to the additional charges added to the Debt the month before the maturity date.

32. Plaintiff spoke and communicated with several representatives, including Jennifer Follett, Mike Houseman, and Jason Eggleston.

33. During these conversations and e-mail exchanges, TD Bank's representatives could not adequately advise Plaintiff why TD Bank charged Plaintiff the extra charges in the month before the maturity date; however, TD Bank's representatives speculated that it could related to flood insurance premiums.

34. For example, on January 4, 2018, Plaintiff e-mailed TD Bank/Jennifer Follett to inquire about the charges. In this e-mail, Plaintiff notified TD Bank that he was receiving "unnecessary" recorded calls from TD Bank about the Debt. Plaintiff specifically and explicitly requested that TD Bank stop any collection calls and stated, "Please contact that department so that there will be no miscommunication and I will not receive any unjustified duns." Please see attached a true and correct copy of said e-mail labeled as **Exhibit F**.

35. Again, on January 9, 2018, Plaintiff e-mailed TD Bank/Jennifer Follett and stated, "I'm getting phone spam from TD Bank. I would like it to stop." Please see attached a true and correct copy of said e-mail labeled as **Exhibit G**.

36. Again, on January 12, 2018, Plaintiff e-mailed TD Bank/Jennifer Follett and stated, "I'm still getting the harassing phone calls I emailed you about on 1/9. I got four of those calls this week, six total..."" Please see attached a true and correct copy of said e-mail labeled as

**Exhibit H.**

37. Notwithstanding Plaintiff's repeated requests/demands for TD Bank's recorded calls to stop, TD Bank nonetheless kept placing auto-dialed collection calls to Plaintiff's cellular telephone (i.e., number 813.XXX.0665) and work telephone.

38. TD Bank kept placing such auto-dialed calls to Plaintiff also notwithstanding the fact that Plaintiff did not owe the "Other charges" and paid off the Debt as of January 3, 2018.

39. Eventually, Plaintiff retained Undersigned Counsel with respect to the Debt and Plaintiff's dispute with TD bank with respect to the same.

40. Undersigned Counsel communicated Plaintiff's dispute in writing to TD Bank, and TD Bank responded to Undersigned Counsel on several occasions.

41. For example, on or about February 2, 2018, Undersigned Counsel sent an e-mail and faxed certain documents and a dispute directly to TD Bank, which included direct notice of attorney representation.

42. Undersigned Counsel again contacted TD Bank directly on or about February 14, 3018.

43. Notwithstanding Plaintiff's repeated requests/demands for TD Bank's recorded calls to stop—and additionally notwithstanding Undersigned Counsel's explicit notice of attorney representation provided to TD Bank—TD Bank nonetheless kept placing auto-dialed collection calls to Plaintiff's cellular telephone (i.e., number 813.XXX.0665) and work telephone.

44. Eventually, TD Bank acknowledged that it incorrectly billed certain charges to Plaintiff's Debt and subsequently issued Plaintiff a refund in the amount of $1,573.04.

45. In total, TD Bank placed *at least* ten (10) recorded and/or auto-dialed calls to Plaintiff's cellular telephone after Plaintiff explicitly revoked TD Bank's consent to do so.

46. Additionally, TD Bank placed repeated calls to Plaintiff's work telephone number to collect the illegitimate Debt after being put on notice that Plaintiff did not owe extra charges and after Plaintiff paid off the loan in full.

47. TD Bank placed several of the above-referenced calls from telephone number 800-742-2651 and left a pre-recorded voicemail message on calls Plaintiff did not answer.

48. At times, when Plaintiff would call the requested number back (i.e., 888-651-9848), Plaintiff received an automatic recording and was placed automatically on hold.

49. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

50. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that paying off the Debt in full was ineffective, and that he would simply have to endure TD Bank's harassing attempts to collect illegitimate charges from him.

51. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

52. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

53. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in

willful or knowing violation of the TCPA or the regulations proscribed thereunder.

54. As of the date of this complaint, Defendant has not initiated a lawsuit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**<u>VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7), (9), and (18)</u>**

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

55. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

56. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by knowingly attempting to collect an illegitimate Debt from Plaintiff.

57. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by repeatedly communicating directly with Plaintiff—in its attempts to collect the Debt—after receiving notice that Undersigned Counsel represented Plaintiff with respect to the Debt.

58. Specifically, as noted above, Plaintiff paid the Debt in full on January 3, 2018. Notwithstanding, TD Bank continued to attempt to collect illegitimate charges TD Bank added to the Debt in the last month before the maturity date.

59. Further, despite being put on notice of this dispute, and despite Plaintiff repeatedly requesting/demanding that TD Bank cease its recorded and/or auto-dialed calls to collect an illegitimate amount, TD Bank kept dunning and calling Plaintiff's cellular and work telephones as

described above.

60. TD Bank even brazenly kept placing said collection calls to Plaintiff's cellular and work telephones after receiving notice of Plaintiff's attorney representation.

61. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

62. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

63. TD Bank used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's Cellular Telephone at least ten (10) times in its attempt to collect the Debt.

64. If Defendant contends it possessed prior express consent, such consent was revoked the moment Plaintiff explicitly requested such calls to stop on January 4, 2018.

65. Additionally, If TD Bank contends the referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express consent necessary to place such informational calls to Plaintiff's cellular phone using and ATDS or APV.

66. The phone calls placed by TD Bank complained of herein are the result of repeated willful and knowing violations of the TCPA.

67. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

   a. The periodic loss of his Cellular Telephone service;

   b. Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract.

   c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

   d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

   e. Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

   a. Judgment against Defendant declaring that Defendant violated the FCCPA;

   b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

   c. Judgment against Defendant for maximum statutory damages for violations of the TCPA;

   d. Actual damages;

   e. An award of attorneys' fees and costs; and

   f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW, P.A.**

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
*Attorney for Plaintiff*